Next, by Zoom, we have In re Rigon Kwan, Corey Parker, appearing for appellants, Alan Winokur, appearing for Appalee. Good morning, your honors. May it please the court, my name is Corey Parker, and I would respectfully reserve five minutes for rebuttal. Your honors, I represent the appellants Olivia Rigon and Christine Kwan. This appeal challenges the bankruptcy court's entry of a money judgment in favor of Europa Kids Preschool LLC, which we contend was issued without subject matter jurisdiction and without legally sufficient evidentiary support, and I'll address both of those in turn. Mr. Parker, let me ask you just at the outset, do you agree that subject matter jurisdiction is measured at the time the complaint was filed? I do not, your honor. I believe that the test here is whether it's a core bankruptcy matter. So even in the event that an adversary proceeding is pending, there's plenty of case law to illustrate that once there's a discharge, unless... I'm going to the time, okay. You think you lose jurisdiction, but don't you measure it? Hasn't the Ninth Circuit told us that you measure that whether you have jurisdiction at the time the complaint is filed? Yes, your honor. Initially, yes, I would agree with that. But I also think there's a lot of case law to point to, notably N. Ray Deitz, N. Ray Sasson, stating that bankruptcy courts may liquidate a debt only when necessary to decide dischargeability. At this point, that matter was moot because there was a discharge. There was a denial of discharge. Yes. Thank you, your honors. There was a denial of discharge. And the Ninth Circuit, as I noted, has long held that a bankruptcy court's authority to liquidate a state law claim is inextricably tied to its determination of dischargeability. And I would cite N. Ray Kennedy, where this court stated that it is, quote, impossible to separate the determination of dischargeability from the function of fixing the amount of the non-dischargeable debt. I also cited N. Ray Deitz, where the court reaffirmed that a bankruptcy court's jurisdiction to enter a money judgment exists only in conjunction with determining that the debt is accepted from discharge. Now, the opposing party— How do you square that argument with the Ninth Circuit's conclusion that bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case has been dismissed? Your honor, I would again turn towards the definition of what's a core bankruptcy matter and that in the event that a core bankruptcy matter, as defined in N. Ray Harris, arises under the bankruptcy code. So a proceeding is core if it either arises under the bankruptcy code or arises in a bankruptcy case where it could only exist in bankruptcy. So this state contract claim clearly could exist outside of the bankruptcy court. It did not arise under the bankruptcy code. But counsel, it was filed as a 523-828 claim, correct? Yes, your honor. There was a stay agreed between the parties that it would not proceed until there was some determination made under 727, correct? Correct your honor. There was a determination made under 727 and the debtors got the creditor to agree to not pursue this 523 claim, but instead to simply pursue the contract claim. They didn't dismiss the 523 claim, but they didn't pursue putting on any evidence about it. They made a determination that they would just ask the court to enter a judgment on the contract claim, not the fraud claim, right? That's correct, your honor. The debtors agreed to that. The debtors wanted that result rather than have them continue to litigate the 523-828 claim. Correct, your honor. 523-828 claim was never dismissed. That's right, your honor. So the judgment is the result of their prosecution to some finality of an originally established jurisdictional claim under 523-828. Never altered because you never dismissed that claim. They never dismissed that claim, correct? That is correct, your honor. I would absolutely agree with you that there was in fact jurisdiction that the proceedings as you outlined it occurred. But our argument here is that nevertheless, there's a swath of case law to show that the court should have lost jurisdiction at that point, that the court, because this wasn't a core matter, regardless of how the parties navigated it, regardless of the procedural posture, that the Ninth Circuit has long held, again, that a bankruptcy court's authority to liquidate a state law claim is tied to its determination of dischargeability. You know, it's possible that the opposing party will point to a nuance here, but I haven't seen any case law cited by opposing counsel that shows where this occurred and that it was codified by this court or any other court. But let me ask you, you talk about nuances and you said the court should have, not must or was required to dismiss the 523 action. So if we start with the premise that subject matter jurisdiction is measured at the time the complaint was filed, don't we get to the point where the relevant question is not whether the bankruptcy court had jurisdiction, but whether the bankruptcy court properly retained jurisdiction? Yes. Yes, Your Honor, that is the question at hand, is whether they properly retained it. So why would, you know, there's the Casamat Investors case, I mean, why wouldn't we look at those factors, you know, of economy, convenience and fairness and comedy, look at those factors to determine whether or not the judge made the right decision? We should look at those factors, Your Honor, but I think here we have a clear, you know, non-dischargeability determination. And as the Supreme Court explained in Stern v. Marshall, you know, bankruptcy courts are non-Article III tribunals with limited jurisdiction and they have an ongoing duty to ensure subject matter jurisdiction exists at all stages of the proceedings. So in this matter, regardless of the posture, once the dischargeability issue was resolved in the 727 case, the bankruptcy court... But it wasn't resolved in the 727 case, was it? 727 just simply said in this proceeding, it's not an enforceable claim. But 523 says that debt is non-dischargeable in any subsequent proceeding or in any other proceeding such that it's different than a 727 determination. That is not an appropriate argument to make that these are the same. They're different. They serve different purposes. I understand that distinction, Your Honor, and I agree. And it's important to your clients because there's still the possibility that another proceeding could be filed and this is now a contract action. Correct? Correct. Yes. And so if there's no determination that 523A2A applies, that fraud claim is gone, potentially. Statute of limitations, possibly, yeah. Right? Well, it depends, correct? That's correct, Your Honor. And so it's critical because the original action was never dismissed. This proceeded on the same theory that it would have if it was a 523 claim and if they hadn't put on any evidence and the court ruled because you have put on no evidence of fraud, I'm going to rule against you on the 523 claim, that would have been the same posture the case was in when the judge entered the judgment in this case. The only difference is you entered into a stipulation with them so that they would not pursue the 523 claim. You induce them to not proceed with a determination of fraud, but it's the same as if they didn't put on any evidence of fraud. But the 523 claim still perpetuated. There was no dismissal of it. There's nothing that it altered the original jurisdiction of the court and it continued until the judgment was entered. Understood, Your Honor. And I want to, just because my time is limited here, move to the second argument of the sufficiency of the summary judgment evidence that the bankruptcy courts reliance on the unnotarized declaration. It didn't have to though, didn't it? This was simply a contract, right? It was an agreement to loan money at a certain price and the judgment simply reflects the mathematical calculation which was already liquidated, could have been liquidated, but they didn't have a judgment for it. It didn't require anything other than take the amount that was owed, add the interest rate and come to a final number. Those are already liquidated facts, aren't they? I hear you, Your Honor, and I understand your position there. I would just, you know, argue that in this particular case, if you look at the Columbia Pictures Industries case, this court rejected a declaration that was based on, quote, information and belief. And I understand Your Honor's point that maybe a declaration wasn't required at all. But in this particular case, you know, we would argue that there had to be some evidence and that with an unnotarized declaration. And then I know the other question is whether or not this was raised in the lower court and the argument is that it can be raised for the first time on appeal if they involve pure questions of law and the opposing party will not be prejudiced and we believe that's the case here. So for all those reasons, Your Honor, we're respectfully requesting that this court reverse the bankruptcy court's judgment, direct Europa Kids to return all sums collected under the judgment and deny Europa Kids' request for attorney's fees on appeal. I'll reserve the rest of my time for... Let me ask you one more question though, Mr. Parker. Is it relevant that the claim was allowed? I suppose it's relevant. There was a distribution on an allowed claim here. I mean, it wasn't a moot issue. I mean, sometimes you don't object to a claim when there's not going to be any distribution. But there was, I don't know, there was nickels on the dollar or not, but there was a small distribution to the plaintiffs on their claim. Understood, Your Honor. I can see how that's relevant. But, you know, again, our argument remains that based on the strong case law here that there was not summary judgment, subject matter jurisdiction rather, and that the legal sufficiency of the evidence was not there. So I appreciate that. I'll let you have your three and a half minutes for rebuttal, but, you know, I'll be interested in you commenting on the strong case law. I'm not sure that I see strong case law that supports your position. So, okay. Thank you. Understood, Your Honor. Thank you. Mr. Wynne. Good morning, Your Honor. Here was a situation when Judge Alston heard my client EuropaKid's summary judgment motion. We had an adversary that was a court proceeding to determine discharge of the debt and to liquidate the claim and enter a money judgment. That was in the complaint. The debtors disputed liability in their answer. They consented to the court entering a final judgment. We put the matter on a stay while the U.S. trustees' adversary proceeding under 727 played out. That was to the benefit of all parties in the court. Bankruptcy court then found that the debtors had intentionally and fraudulently acted in a way that their discharge should be denied. We moved to reopen the case to liquidate the claim. Again, the debtors raised a question about jurisdiction but never filed a motion to dismiss or abstain. The plaintiffs presented, my client presented the court with evidence of the validity and amount of the debt and there was no challenge to any of that. So, it was entirely proper to enter a money judgment, a final judgment in this case to complete litigation that had been started nearly three years prior. These debtors would have this panel carve out a new exception to the rule that bankruptcy courts may enter money judgments in court proceedings. The proposed exception is that if the debtors lose their discharge because of their bad actions, then the court is suddenly divested as a matter of law from completing the litigation. There is no support in the case law for this proposition. In fact, if you look at Kennedy, while Kennedy's context is a 523 case, Kennedy basically stands for the proposition that a bankruptcy court may enter a money judgment in a core adversary proceeding. The language in Kennedy is not restricted just to 523 cases. But, even if you try to restrict that to the context, what Kennedy says is that it is okay for a bankruptcy court, appropriate for a bankruptcy court to make a finding in conjunction or, I'm sorry, money judgment in conjunction with a finding of dischargeability. What happened here? There was a conjunction with the other adversary proceeding, U.S. Trustees proceeding, was all within the main case. There was a finding of non-dischargeability, well, specifically a finding that no debts would be dischargeable. And that opened the door for my clients to complete the litigation by having a money judgment. If the rule was once a 727 action is decided not in the debtor's favor, a bankruptcy court is suddenly divested of its original core jurisdiction, then it creates some pretty strange inequities. It would force a client like mine to actually litigate the 523 case, which may ultimately be irrelevant if the debtors are not entitled to any sort of discharge, at the risk of not being able to complete their litigation if the debtors lose a 727 case. Or if my clients had added a 727 claim in their complaint and had enough basis in fact and law to move for summary judgment on that, and one, would they then be prohibited from completing the other aspects of their litigation? That is the kind of rule that's being proposed by the debtors. And again, there's no authority for that. Even if suddenly core jurisdiction vanished, there would still be supplemental jurisdiction to decide based on the equities of the case. And Judge Alston essentially said that when he cited to the Porgas case out of the Second Circuit, where the court had entered a money judgment on a claim objection, even though the underlying case had been dismissed, and the court, the Second Circuit in that case found that it would be a waste of judicial resources and unfair to force the parties to re-litigate in state court, where the debtor had submitted voluntarily to the bankruptcy court and forced the creditor to litigate in bankruptcy court. Again, that is what happened here. The debtors voluntarily filed a bankruptcy, putting their discharge and putting all the underlying issues related to discharge and related to creditor claims at issue. My clients filed a proper core adversary proceeding and were entitled to complete the litigation. And there was no question that they were entitled to a money judgment. There was no dispute regarding that. The bankruptcy court did not have two sides to even weigh regarding what the facts in the law were. It was an unopposed motion. Counsel, just a question, is that the contract, the loan agreement between the debtors and your clients was of record? Was part of the complaint or it was produced as part of the summary judgment? The promissory note is actually attached to the complaint. The summary judgment motion included the declaration of Kelly Milbrandt, the member and manager of the LOC. She attested in her declaration to the contractual relationship, attached a copy of the loan term sheet that both sides signed, attached a promissory note that Ms. Kwan signed and that had the guarantee language and that was initialed by Ms. Milbrandt. So all of that was in the court record, yes. What I'm trying to get at is the court knew that there was an admission. There had been no, there was a default. The default triggered the guarantee. The default then triggered the right to calculate the damages. The damages calculation were set forth in the note that was attached. It was all effectively, irrespective of whatever she had in her declaration, the court could have determined this based on just the documents that were produced. Correct, Your Honor. There was never any challenge to the sufficiency of the record. There was never any challenge to the sufficiency of the documents. The court had everything it needed. And there were other opportunities to object to. I mean, there was never any objection to the claim. I mean, there was a lot of claims. There was never any objection to the right of my clients to have a money judgment. What the debtors are arguing before this panel is that irrespective of all that, irrespective of the matter being properly teed up in front of the bankruptcy judge, irrespective of the lack of any objection to or challenge to the right to obtain a money judgment, my clients should have been forced to go into state court and file a new lawsuit to prove up what they had already proved up. And that, I can't imagine why the bankruptcy court would not have jurisdiction under those circumstances. The debtors in their reply brief talk about supplemental jurisdiction and basically ask this court to this panel to look to evaluate whether cases like Pegasus Gold are mere dicta that this panel should not follow or whether it should otherwise decide that the judge erred in retaining jurisdiction to complete the litigation. But what the Pegasus case actually says is not what the debtors refer to in their brief as seemingly gratuitous determination as to jurisdiction. It's not dicta at all. What the Ninth Circuit decided in Pegasus is that they were required to resolve the issue of subject matter jurisdiction before they got to the secondary issue of the case, which was sovereign immunity, because they had to first decide whether they had jurisdiction in the case before they could address the underlying immunity issue. So it's not dicta. It's well established now in the Ninth Circuit that bankruptcy courts have supplemental jurisdiction to decide remaining matters in the case that would ordinarily be expected to be resolved in the judicial proceeding. And both parties agreed from the get-go that the amount and validity of my client's claim would be resolved in this adversary proceeding. It was expected. It was expected when the matter was stayed. It was expected in the complaint and in the answer. And it was all presented in front of the judge, and there was no objection to the dollar amount or validity of the judgment claim. And bankruptcy courts, as you well know, are courts of equity. What is the equity in reversing and requiring my clients to get a new judgment in state court? They already have one, and there was nothing wrong with it. With respect to the quality of the Milbrandt Declaration, I mean, this is a new argument on appeal, right? At no point in the briefing in front of Bankruptcy Judge Alston was the sufficiency of the Milbrandt Declaration challenged. It wasn't raised at any point in time. It wasn't raised in the Statement of Issues on Appeal. It wasn't raised in any of the briefing before the Bankruptcy Judge. The first time we see this argument is in the opening brief on appeal. It's plainly a new argument on appeal, and the court should not consider it at all. The standard for raising new arguments on appeal are if it's purely an issue of law, which this is not because the Bankruptcy Judge would have to have evaluated the sufficiency of what is stated in the Declaration, and that's a discretionary issue. It would be potentially okay to raise a new issue on appeal if there's no prejudice to Europa kids, but here had the issue been raised in front of Judge Alston, and if there was any question regarding the sufficiency of what Ms. Milbrandt was saying in her Declaration, she could have filed a corrective or supplemental Declaration clarifying that she is speaking from personal knowledge. But in any event, she was speaking from personal knowledge. It's plain from the Declaration that she was. She states that she's a member and manager of the LLC. She states that she met Ms. Kwan and discussed the debt. She states that they entered into a contract. She attaches copies of the term sheet and the loan. She calculates the, she does the math, calculates the judgment, and again, there's no opposition to any of that. So there was jurisdiction from the outset in summation. There was jurisdiction from the outset. That jurisdiction to decide was put on hold by agreement of the parties. The debtors consented to final entry of the judgment. The debtors did not oppose the entry of the judgment. There's simply nothing wrong here. So unless the court has any other questions, I'd ask that the court affirm. I'd also ask that the court grant attorney's fees, both because the contract provides for that explicitly, including in bankruptcy and on appeal, and because, especially with respect to the, this new argument on appeal, it is frivolous. I filed the motion under Rule 8020. The debtors have challenged whether that is procedurally proper. If it is not procedurally proper, then the panel can tell me that and hopefully grant me leave to file a new motion after the opinion is granted. I do have, I do have a question. Let's talk about fees a little bit. You've got another minute and three quarters here. Even if you persuade us that we should affirm, that doesn't necessarily mean you're entitled to attorney's fees, correct? It is correct. And the panel would have to grant attorney's fees. It's not automatic. Right. But, I mean, don't we have here a situation where we don't really have a really clear case from the Ninth Circuit on point? We're having to extrapolate from other cases to get to this result, the result that you ask us to reach. I would say that is true with respect to the jurisdiction issue. I would say that is not true with respect to the sufficiency of the Mill Grant Declaration, this new argument on appeal. So with respect to frivolity, frivolous appeal, I would not be submitting a request. I would, I would ask for less than my total fees on that issue. However, there is a fee award provided for in the contract. So I'd still be requesting all fees on appeal related to the contract claim. Okay. All right. Thank you. Thank you. Thank you.  Thank you.  Your honors, as was stated by your honors and opposing counsel, essentially conceding, you know, this is, as we stated before, a nuanced case. This is a fact pattern that can't extrapolate, you know, exactly out of any particular Ninth Circuit line of cases at this point. I think in Ray Awazi, 2021 Ninth Circuit bankruptcy panel case was, there was some analogous facts there where the debtor filed a Chapter 13 bankruptcy case while the bankruptcy was pending. He filed an adversary proceeding against U.S. Bank asserting purely state law claims, things like fraud, wrongful foreclosure, contract-based allegations. And these claims did not arise under the bankruptcy code, like our case, and did not depend on bankruptcy law, like our case. They were ordinary state law disputes that could have been brought in state court. And then later the bankruptcy case was dismissed. And despite the dismissal in that case, the bankruptcy court kept the adversary proceeding, like in this case, and continued to adjudicate the state law claims. And then on appeal, you know, the argument was that the bankruptcy court lost jurisdiction once the bankruptcy case was dismissed. And the Ninth Circuit bankruptcy panel, this panel in that matter, agreed with him. So I do see, you know, some distinctions between that case and this case, and again, the procedural posture. But certainly, we don't, we would contend that this was not a frivolous appeal. With respect to the declaration, you know, he made the argument that if the appeal involves pure questions of law, and the opposing party will not be prejudiced, that that is in fact a standard that can be rested on. And you know, we certainly don't think that there's any frivolous intent here, or that the court could deem this as frivolous, especially, you know, as the court noted, there's nothing directly on point. We would, again, you know, maybe at this point, look at public policy, right? The public policy of a bankruptcy court retaining jurisdiction over a case that should be litigated in state court, and the downstream effects of that, right, the slippery slope that that could, the precedent that that could create, if that were to be extended, you know, further than very rare circumstances, where again, where the core bankruptcy that's been codified by this court and the Ninth Circuit, you know, is defined, kind of, if we deviate from that, which I don't think that we should do. And you know, on my client's behalf, we would argue that certainly they had to contend with that state law claim, but the bankruptcy court was not the proper forum for it. And simply because the matter was filed there in the first place, and there was jurisdiction initially, the court still has to retain jurisdiction. And there are a number of circumstances where the court doesn't retain jurisdiction after a discharge is denied or dismissed. So for all those reasons, Your Honor, we would ask the court once again, to not award attorney's fees to the other side, if the court believes that sides with the other side. And we believe that the court should reverse the bankruptcy court's judgment. And we'd ask, you know, that you really take a hard look at the line of cases around, you know, retaining jurisdiction and direct Europa kids to return all the sums collected under the judgment and, again, deny their request for attorney's fees. And thank you for your time today. Thank you. We will take this matter under submission and we'll issue a decision as quickly as we can. Thank you. Thank you both for your arguments. Thank you, Your Honor. You're free to disconnect. Thank you. Court is in recess. Thank you. Go back. And judges, we're going to do a quick picture in the library. I actually saw the other panel walk in there right now. All right. So don't unrobe. Don't take your robes off. Don't take your robes off. And come into the library. Got it. Got it. Yeah. Okay. Thank you. Thank you. Thank you.
judges: Gan, Corbit, and Niemann